**IN THE UNITED STATES COURT
OF FEDERAL CLAIMS**

| | |
|---|---|
| **H.M. NABAVIAN & SONS, INC.,**<br>**Plaintiff,**<br>**v.**<br>**UNITED STATES OF AMERICA,**<br>**Defendant.** | **Case No.: 1:26-cv-00414-EMR** |

**PLAINTIFF'S MOTION FOR JUDICIAL NOTICE OF U.S. CUSTOMS AND BORDER PROTECTION WEBPAGES**

Plaintiff H.M. Nabavian & Sons, Inc. ("Plaintiff") respectfully moves this Court to take judicial notice of two webpages published by United States Customs and Border Protection ("CBP") on its official website, as captured on November 16, 2026 (the "CBP Webpages"). The CBP Webpages are:

1. *International Emergency Economic Powers Act (IEEPA) Duty Refunds*, CBP (last modified Nov. 2, 2026), https://www.cbp.gov/trade/programs-administration/trade-remedies/ieepa-duty-refunds;

2. *Internet Purchases: Your Responsibility and Liability*, CBP (last modified Mar. 6, 2024), https://www.cbp.gov/trade/basic-import-export/internet-purchases.

True and correct copies of the CBP Webpages, captured by third-party service Page Vault, are attached as Exhibits A and B to the Declaration of John Thompson in Support of Plaintiff's Motion ("Thompson Decl.").

**INTRODUCTION**

Under Federal Rule of Evidence ("FRE") 201, Plaintiff asks the Court to take judicial notice of the CBP Webpages, as captured on November 16, 2026, in deciding the Government's pending Motion to Dismiss, ECF No. 18. Plaintiff asks the Court to notice that certain statements

on the CBP Webpages were authored, published, or approved for publication by CBP. The CBP Webpages are relevant because CBP collected IEEPA duties and the CBP Webpages show how CBP describes who pays duties on good delivered by courier and who may receive refunds of those duties. The Court may consider the CBP Webpages on the pending motion without converting it into a motion for summary judgment under Court of Federal Claims Rule ("RCFC") 12(d). The contents of the CBP Webpages are not subject to reasonable dispute because they can be accurately and readily determined from a source whose accuracy cannot reasonably be questioned: the agency's own official website. And Plaintiff has supplied the information that makes judicial notice mandatory under FRE 201(c)(2): the URL of each page, a dated Page Vault capture of each page, and the specific passages on which Plaintiff relies. For the reasons set forth below, the Court should take judicial notice of the CBP Webpages.

## FACTUAL BACKGROUND

Beginning in February 2025, the President invoked the International Emergency Economic Powers Act ("IEEPA") to impose tariff duties on a broad range of imported goods through a series of executive orders. ECF No. 1 ¶¶ 1, 16–17. One year later, in *Learning Resources, Inc. v. Trump*, 607 U.S. 229 (2026), the Supreme Court held that the President's imposition of IEEPA tariffs was unlawful. This decision set in motion an array of proceedings, in the Court of International Trade ("CIT") and the various federal district courts, seeking return of the approximately $170 billion in IEEPA tariffs unlawfully collected by CBP. ECF No. 1 ¶¶ 2–3, 19–21, 26, 41.

Plaintiff filed its Complaint on March 16, 2026, on behalf of a proposed Class of tariffed payors. ECF No. 1. Plaintiff contends that the CIT affords the proposed Class no remedial pathway and that CBP's administrative refund process was not built to accommodate them. *See* ECF No. 20 at 33. On that basis, Plaintiff invokes this Court's Tucker Act jurisdiction over the proposed

Class's illegal-exaction claim. On June 15, 2026, the Government moved to dismiss Plaintiff's Complaint, ECF No. 18, and briefing on the motion to dismiss was completed on August 10, 2026. ECF Nos. 20, 23. On October 6, 2026, the Court issued an order setting oral argument on the motion to dismiss for November 20, 2026.

## THE CBP WEBPAGES

Plaintiff asks the Court to notice each page in full for the fact that the quoted passages set forth below were authored, published, or approved for publication by CBP.

Exhibit A is the page on which CBP explains how importers obtain refunds of IEEPA duties through its Consolidated Administration and Processing of Entries ("CAPE") process. It states, in relevant part:

> "Only the IOR for the listed entries or the authorized customs broker that filed the entries on behalf of the IOR may file the CAPE Declaration." Thompson Decl. Ex. A at 2.
>
> In answer to the question "Is CBP sending refunds directly to consumers who may have paid additional money because of an IEEPA duty?": "CBP is only able to refund IEEPA duties to the Importer of Record or the Notify Party (designated on CBP Form 4811) who have their U.S. bank account information in their ACE Portal account." *Id.* at 5.[1]
>
> CAPE refunds are subject to "the potential diversion of refunds as necessary and appropriate to offset the importer's legally fixed and undisputed unpaid debts to the United States." *Id.* at 2.

Exhibit B is CBP's guidance to the public on goods bought online. CBP last modified it on March 6, 2024, so it read the same way throughout the period in which the IEEPA duties were collected. Thompson Decl. Ex. B at 6. It states, in relevant part:

> "As a rule, a purchase price that includes shipping and handling does not include duty or any costs associated with clearing the goods through CBP." *Id.* at 3.

[1] This statement has appeared on the webpage since May 20, 2026. *Id.*

> "If your goods were sent by a courier service, that service will either bill you for the duty they paid on your behalf or require payment on delivery." *Id.*
>
> "If you hire a broker, they will bill you for their services and any duty they paid on your behalf. If arrangements were made to forward your goods to you, you will be billed for any duty owed, and for the services of the broker who cleared them through CBP." *Id.* at 4.

## **LEGAL STANDARD**

The Court may take judicial notice of "a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2); *see also Mobility Workx, LLC v. Unified Pats., LLC*, 15 F.4th 1146, 1151 (Fed. Cir. 2021). Notice may be taken "at any stage of the proceeding," Fed. R. Evid. 201(d), and is mandatory "if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2). On a motion to dismiss, the Court may consider matters subject to judicial notice without converting the motion under RCFC 12(d). *McCutchen v. United States*, 14 F.4th 1355, 1363 (Fed. Cir. 2021); *A & D Auto Sales, Inc. v. United States*, 748 F.3d 1142, 1147 (Fed. Cir. 2014). And with respect to jurisdictional questions under RCFC 12(b)(1), the Court is free to consider evidence outside the pleadings. *Banks v. United States*, 741 F.3d 1268, 1277 (Fed. Cir. 2014); *see also* ECF No. 18 at 8.

## **ARGUMENT**

### I. The Court may take judicial notice of the CBP Webpages because they are published on CBP's website and their contents cannot reasonably be disputed.

FRE 201(b)(2) permits courts to "judicially notice a fact that is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). For the reasons stated below, the CBP Webpages meet the standard for judicial notice under Rule 201(b)(2).

The CBP Webpages are official publications of the agency that collected the IEEPA duties. They describe who pays duties on goods delivered by courier and who may receive refunds of IEEPA duties. Courts widely recognize that information published on government websites generally—and pages published on CBP's website specifically—are "capable of being 'accurately and readily determined from sources whose accuracy cannot reasonably be questioned'" and thus appropriate for judicial notice. *See Mobility Workx*, 15 F.4th at 1151 (quoting Fed. R. Evid. 201(b)(2)) (granting motion for judicial notice of documents "published . . . on the USPTO's website"); *see also Chae v. Yellen*, 579 F. Supp. 3d 1343, 1357 (Ct. Int'l Trade 2022) (collecting cases) ("The article . . . is featured on the 'Information Center" section of C[BP's] website, and it is 'clear on the face of' the article that it was published by C[BP]. The 'accuracy' of C[BP's] website 'cannot reasonably be questioned,' and consequently the court concludes that this article meets the standard for judicial notice." (first quoting *Lopez v. Bank of Am., N.A.*, 505 F. Supp. 3d 961, 970 (N.D. Cal. 2020); then quoting Fed. R. Evid. 201(b)(2))), *aff'd*, 2023 WL 3072385 (Fed. Cir. Apr. 25, 2023); *Hoshine Silicon (Jia Xing) Indus. Co. v. United States*, 780 F. Supp. 3d 1328, 1333 n.3 (Ct. Int'l Trade 2025) (taking judicial notice of documents "because the[y] . . . are published on the CBP's web page and their contents cannot be disputed").

The CBP Webpages satisfy FRE 201(b)(2). Each page is an official publication of the agency that administers and collects the duties at issue, and each exhibit is a dated Page Vault capture of the page as it appeared on November 16, 2026. Thompson Decl. ¶¶ [__]. Plaintiff asks the Court to notice what each page said on that date, which answers any concern that a page may change over time. Moreover, Exhibit B has not changed since March 6, 2024. And an earlier capture of Exhibit A, taken October 8, 2026, is on the public docket of the CIT. *Freestyle World,*

*Inc. v. CBP*, No. 26-01088, ECF No. 61-1 (Ct. Int'l Trade Oct. 8, 2026). Thus, the Court may take judicial notice of the CBP Webpages under FRE 201(b)(2).

## II. The Court must take judicial notice because Plaintiff has requested it and supplied the Court with the necessary information.

While Plaintiff has satisfied the standard for this Court to exercise permissive judicial notice, Plaintiff has also supplied the Court with the necessary information to merit mandatory judicial notice as provided under FRE 201(c)(2). If a fact sought to be judicially noticed meets the initial standard provided by FRE 201(b), notice is mandatory if it also satisfies FRE 201(c)(2). Accordingly, the court "'must take judicial notice if a party requests it' and 'the court is supplied with the necessary information.'" *Omaha Steaks Int'l, Inc. v. Greater Omaha Packing Co.*, 908 F.3d 1315, 1323 (Fed. Cir. 2018) (quoting Fed. R. Evid. 201(c)(2)); *accord, e.g.*, *Texas v. DHS*, 722 F. Supp. 3d 688, 695 (S.D. Tex. 2024) ("Courts *may* take judicial notice *sua sponte.* And they *must* 'take judicial notice if a party requests it and the court is supplied with the necessary information.'" (citing Fed. R. Evid. 201(c)(1)) (quoting Fed. R. Evid. 201(c)(2))), *reconsideration denied sub nom. State of Texas v. DHS*, 2024 WL 2888758 (S.D. Tex. May 28, 2024), and *appeal dismissed as moot*, 2025 WL 1661954 (5th Cir. June 9, 2025).

FRE 201(c)(2) does not define "necessary information," but courts routinely award mandatory notice where the requesting party provides enough information to show that judicial notice is appropriate under Rule 201(b)(2). This includes providing the court with a copy of the proffered materials. For example, in *Texas v. DHS*, "Texas requested the Court to take judicial notice of certain sets of CBP data released after trial" and supplied the data to the court. 722 F. Supp. 3d at 695. A group of intervenors moved to strike the data on various grounds, but the court found that they "ha[d] not demonstrated that the data is inaccurate or that taking judicial notice is inappropriate" and denied the motion, holding that "[t]he Rules *require* judicial notice" under these

circumstances. *Id.* (emphasis added); *see also, e.g.*, *Va. Innovation Scis., Inc. v. Samsung Elecs. Co.*, 983 F. Supp. 2d 700, 707 (E.D. Va. 2013) (taking judicial notice of United States Patent and Trademark Office document under mandatory provision of FRE 201(c)(2) because proffered document was "supplied to the Court as an attachment to Defendants' request...and is an official U.S. Government document that can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned." (internal quotation marks omitted)).

As in *Texas*, "[t]he Rules require judicial notice here." 722 F. Supp. 3d at 695. Plaintiff has provided the Court with the necessary information to assess the accuracy of the CBP Webpages: Plaintiff has supplied the Court with (1) descriptions of the CBP Webpages and the specific passages for which Plaintiff seeks to establish CBP's authorship, approval, and publication; (2) the active URL of each page; and (3) a dated Page Vault capture of each page. By identifying the most relevant passages, Plaintiff has also spared the Court any need to search the exhibits for their substance. *Cf. Omaha Steaks*, 908 F.3d at 1324 (tribunal "is not required to scour" the underlying materials to determine their substance). A webpage captured using a third-party service such as Page Vault is an acceptable method of capturing an authentic and accurate iteration of a webpage. *Multiple Energy Techs., LLC v. Casden*, 2025 WL 2312405, at *3 (C.D. Cal. June 4, 2025). Because Plaintiff has provided the Court with the necessary information, there are no grounds to question the accuracy of CBP's website. *Cf. id.*; *Chae*, 579 F. Supp. 3d at 1357. Accordingly, FRE 201(c)(2) requires the Court to take judicial notice of the CBP Webpages.

**CONCLUSION**

Because the contents of the CBP Webpages are not subject to reasonable dispute under FRE 201(b), and Plaintiff has supplied the information that makes notice mandatory under FRE

201(c)(2), Plaintiff respectfully requests that the Court grant Plaintiff's Motion and take judicial notice of the CBP Webpages, as captured on November 16, 2026.

## **CERTIFICATION**

Pursuant to RCFC 7.3, I certify that counsel for Plaintiff conferred in good faith with opposing counsel via e-mail correspondence on November 16, 2026, before filing to determine whether there was any opposition to the relief sought. Thompson Decl. ¶ 6. The Government states that it does not object to the Court considering these public documents but does not believe that it is necessary to take judicial notice of them, and disputes that these documents show that the Court has jurisdiction to consider plaintiff's claim or that plaintiff has stated a plausible claim.

Dated: November 17, 2026

Respectfully submitted,

*/s/ Robert J. Cynkar*
Robert J. Cynkar
McSweeney, Cynkar & Katchouroff PLLC
3126 Elmendorf Drive
Oakton, VA 22124
(703) 621-3300
rcynkar@mck-lawyers.com

Michael D. Hausfeld (*pro hac vice*)
John Thompson (*pro hac vice*)
HAUSFELD LLP
1200 17th Street N.W.
Washington, DC 20036
(202) 540-7200
mhausfeld@hausfeld.com
jthompson@hausfeld.com

Scott A. Martin (*pro hac vice*)
Kartik S. Madiraju (*pro hac vice*)
Gisela (Zelly) Rosa (*pro hac vice* forthcoming)
HAUSFELD LLP
33 Whitehall Street, 14th Floor
New York, New York 10004
(646) 357-1100
smartin@hausfeld.com
kmadiraju@hausfeld.com
zrosa@hausfeld.com

Michael P. Lehmann (*pro hac vice*)
HAUSFELD LLP
580 California Street, 12th Floor
San Francisco, California 94104
(415) 633-1908
mlehmann@hausfeld.com

Justin S. Nematzadeh (*pro hac vice*)
NEMATZADEH PLLC
1129 Northern Boulevard, Suite 457
Manhasset, NY, 11030
(646) 799-6729
jsn@nematlawyers.com

John W. ("Don") Barrett (*pro hac vice*)
BARRETT LAW GROUP, P.A.
404 Court Square North
P.O. Box: 927
Lexington, MS 39095
Telephone: (662) 834-2488
donbarrettpa@gmail.com

Gordon Ball (*pro hac vice*)
GORDON BALL PLLC
322 31st Avenue N #113
Nashville, TN 37203
(865) 525-7028
gball@gordonball.com

Charles Barrett (*pro hac vice*)
Cuneo Gilbert Flannery & LaDuca, LLP
2445 M Street NW
Suite 740
Washington, DC 20037

Tel: 202 789 3960
www.cuneolaw.com

***Counsel for Plaintiff and the Proposed Class***

**CERTIFICATE OF SERVICE**

I certify that, on November 17, 2026, I caused a true and correct copy of the foregoing to be filed electronically with the Clerk of the Court on the CM/ECF system and transmitted to all counsel of record registered to receive electronic service.

*/s/ Robert J. Cynkar*
Robert J. Cynkar